IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY _____ D.C.

05 SEP -6 AM 8: 05

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN JACKSON

| | | |
|---|---|---|
| DANIEL W. LYONS, III and CYNTHIA LYONS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| VS. | ) ) | No. 04-1274-T/An |
| MAZDA AMERICAN CREDIT CO. IN FRANKLIN, TENNESSEE, | ) ) ) ) | |
| Defendant. | ) | |

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs Daniel W. Lyons, III and Cynthia Lyons filed this action against Mazda American Credit Company[1] pursuant to the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiffs allege that they received threatening and harassing telephone calls from the defendant's representatives that are prohibited by the provisions of the FDCPA. Before the Court is the defendant's motion for summary judgment, which was filed on July 18, 2005. Pursuant to Local Rule 7.2(a)(2) and Federal Rule of Civil Procedure 6(a) and (e), plaintiffs' response to the motion was due on or before August 22, 2005. However, no response has been filed.

---

[1] Although the complaint has not been formally amended, the parties have acknowledged that the proper defendant in this case is Ford Motor Credit Company ("FMCC"), of which Mazda American Credit Company is an affiliate.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on _9-6-05_



Motions for summary judgment are governed by Fed. R. Civ. P. 56. If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Fed. R. Civ. P. 56(c). The moving party may support the motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but must go beyond the pleadings and "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Celotex Corp., 477 U.S. at 323.

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, . . . [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). However, the court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter but only to determine whether there is a genuine issue for trial. Id. at 249. Rather, "[t]he inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting Liberty Lobby, 477 U.S. at 251-52). Doubts as to the existence of a genuine issue for trial are resolved against the moving party.

Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970).

If a party does not respond to a motion for summary judgment, the Federal Rules of Civil Procedure provide that "summary judgment, if appropriate, shall be entered against him." Fed. R. Civ. P. 56(e). The fact that plaintiff did not respond does not require granting defendant's motion. However, if the allegations of the complaint are contravened by defendant's evidence and defendant is entitled to judgment as a matter of law on those facts, then summary judgment is appropriate. Smith v. Hudson, 600 F.2d 60, 65 (6th Cir. 1979).

The evidence in the record shows that in 2002 the plaintiffs purchased two vehicles from Robinson Mazda in Jackson, Tennessee, financing both vehicles through Mazda American Credit Company. One of the vehicles was purchased on August 27, 2002 and was financed for 72 months. The other vehicle was purchased on December 26, 2002 and was financed for 60 months. (Def.'s Ans., Ex. A.)[2]

Plaintiffs contend that in August 2003 they received four abusive and harassing telephone calls from the defendant's representatives regarding their payments on the purchased vehicles, even though they were not in default. (Pl.'s Resp. to Req. for Adm. #1.) As a result of these communications, plaintiffs agreed to surrender both vehicles to the defendant. The vehicles were, therefore, repossessed in September 2003. (Compl. ¶ IV; Pl.'s Resp. to Req. for Adm. #5.) The plaintiffs admit that they received certain notices of sale of the vehicles, but deny that those notices contained any deficiency amount. Plaintiffs

---

[2] The retail installment contracts express the number of installment payments as 71 with 1 final payment, and 59 with one final payment.

3

also state, however, that even if the notices had contained a deficiency amount, they would not have paid anything to satisfy that deficiency. (Pl.'s Resp. to Req. for Adm. #3-#4.)

Defendant subsequently filed two suits against the plaintiffs for the deficiencies in the General Sessions Court of Madison County, Tennessee. Defendant was awarded judgment against the plaintiffs in both of those actions. Plaintiffs did not appeal either of the judgments. (Pl.'s Resp. to Req. for Adm. #6-#7.)

The defendant contends that it is entitled to judgment as a matter of law in this case on three grounds. First, the defendant asserts that the action is untimely, pointing to the statute of limitations contained in the FDCPA. The statute provides:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692k(d).

In this case, the plaintiffs have indicated that the last allegedly harassing telephone call they received from the defendant or its representatives was on August 28, 2003. Thus, any action to enforce the FDCPA had to have been filed on or before August 28, 2004. However, this action was not filed until October 19, 2004. Consequently, the action is untimely, and the defendant would be entitled to judgment as a matter of law on that basis alone.

The defendant also contends, however, that it is entitled to judgment as a matter of law on the grounds that it is not a debt collector to whom the provisions of the FDCPA may

4

be applied. The statute defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. . . . The term does not include —
> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
> . . . .

§ 1692a(6). Thus, the term "debt collector" does not include a creditor who is attempting to collect its own debt under its own name. See Montgomery v. Huntington Bank, 346 F.3d 693, 698-99 (6th Cir. 2003); Burton v. William Beaumont Hosp., 347 F. Supp. 2d 486, 497 (E.D. Mich. 2004); Stafford v. Cross Country Bank, 262 F. Supp. 2d 776, 794 (W.D. Ky. 2003).

In this case, there is no evidence that the defendant used any name other than its own in collecting the debt. Therefore, the provisions of the FDCPA simply do not apply, and the defendant is entitled to judgment as a matter of law on this basis.

Lastly, the defendant argues that it is entitled to judgment as a matter of law on the grounds that the plaintiffs' FDCPA claim is barred by the doctrine of res judicata, which requires a federal court to give the same effect to a Tennessee state court judgment as would another Tennessee state court. Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985) (discussing 28 U.S.C. § 1738, the "full faith and credit" statute); Hutcherson v. Lauderdale County, Tenn., 326 F.3d 747, 758-59 (6th Cir. 2003). There are

four specific elements that must be established before the doctrine of res judicata may be applied:

> The party asserting the defense must demonstrate: (1) that the underlying judgment was rendered by a court of competent jurisdiction; (2) that the same parties were involved in both suits; (3) that the same cause of action was involved in both suits; and (4) that the underlying judgment was on the merits.

Collins v. Greene County Bank, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995). Defendant argues that all four of these elements are present in this case. While it is clear that the first, second and fourth elements are present, the Court questions whether the same cause of action was involved in the prior suits.

The state court actions arose as a direct result of the plaintiffs' failure to pay the deficiency remaining after the vehicles in question were repossessed and sold. The present action, however, arises out of the allegedly abusive manner of the defendant's communications with the plaintiffs regarding the default and repossession, and as such is only indirectly related to the prior actions on the debt. "The estoppel of a judgment or decree extends to all matters material to the decision of the case which the parties exercising reasonable diligence might have brought forward at the time." Id. (quoting McKinney v. Widner, 746 S.W.2d 699, 705 (Tenn. Ct. App. 1987)). Even if plaintiffs had asserted their FDCPA claim in the state court actions and prevailed, it would not have been material to that court's decision on the deficiency. A violation of the FDCPA does not preclude collection of the underlying debt.

Resolution of this issue is unnecessary, however, as the Court has determined that the defendant is entitled to judgment as a matter of law on other grounds.

In accordance with the foregoing discussion, the Court finds that the material facts are not disputed, and that the defendant is entitled to judgment as a matter of law on the grounds that the action is barred by the statute of limitation and also on the grounds that the defendant is not a "debt collector" to which the FDCPA applies. Therefore, the motion for summary judgment is GRANTED. The Clerk of Court is directed to prepare a judgment. IT IS SO ORDERED.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_6 September 2005_
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 16 in case 1:04-CV-01274 was distributed by fax, mail, or direct printing on September 6, 2005 to the parties listed.

---

Kristen C. Wright
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Mary Katherine Hovious
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

J. B. Glassman
GLASSMAN & TANSIL
204 E. Main St.
Jackson, TN 38301

Stephen W. Ragland
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT