IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DANIEL W. LYONS, III and )
CYNTHIA LYONS, )
 )
    Plaintiffs, )
 )
VS. ) No. 04-1274-T/An
 )
MAZDA AMERICAN CREDIT CO. IN )
FRANKLIN, TENNESSEE, )
 )
    Defendant. )

---

ORDER DENYING PLAINTIFFS' MOTION TO SET ASIDE
SUMMARY JUDGMENT

---

Plaintiffs Daniel W. Lyons, III and Cynthia Lyons filed this action against Mazda American Credit Company[1] pursuant to the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Defendant filed a motion for summary judgment on July 18, 2005. According to Local Rule 7.2(a)(2) and Federal Rule of Civil Procedure 6(a) and (e), plaintiffs' response to the motion was due on or before August 22, 2005. However, no response was filed.

On September 6, 2005, the Court issued an order granting the defendant's motion for summary judgment on the grounds that the FDCPA claim was barred by the statute of

---

[1] Although the complaint has not been formally amended, the parties have acknowledged that the proper defendant in this case is Ford Motor Credit Company ("FMCC"), of which Mazda American Credit Company is an affiliate.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 9/23/05

limitation and that the provisions of the FDCPA do not apply to the defendant in this case. Judgment was filed on September 6, 2005 and formally entered on the docket on September 7, 2005. Also on September 7, 2005, plaintiffs filed a belated response to the motion for summary judgment. Plaintiffs have now filed a motion to set aside summary judgment, pursuant to Fed. R. Civ. P. 60(b) and 55(c).

The Court first notes that Rule 55(c) is inapplicable, as the judgment entered in this case was not a default judgment. It was a judgment entered on the merits following plaintiffs' failure to respond to the defendant's motion for summary judgment.

Rule 60(b) provides that a final judgment or order may be set aside for the reasons enumerated in six subsections. The plaintiffs in this case rely upon subsection (1), which provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . .

A motion under this provision of Rule 60(b) is

> intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

Cacevic v. City of Hazel Park, 226 F.3d 483, 490 (6th Cir. 2000) (quoting Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999)). "In order to establish eligibility for relief under Fed. R. Civ. P. 60(b)(1), a moving party must show (1) The existence of mistake, inadvertence, surprise, or excusable neglect[, and] (2) That he has a meritorious defense."

2

Rice v. Consol. Rail Corp., 67 F.3d 300 (Table), 1995 WL 570911, **3 (6th Cir. Sept. 27, 1995) (citation and internal quotation marks omitted). The plaintiffs contend that their failure to respond to the motion for summary judgment was the result of excusable neglect.

In determining whether there has been excusable neglect, the Court must take the performance of the client's attorney into account. United States v. Reyes, 307 F.3d 451, 456 (6th Cir. 2002). "[C]lients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396-97 (1993).

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' Smith v. Ayer, 101 U.S. 320, 326, 25 L. Ed. 955 [(1879)].

Link v. Wabash R. Co., 370 U.S. 626, 633-34 (1962). The plaintiffs voluntarily chose their attorney in this matter, and they are bound by his acts and/or omissions.

In the motion to set aside summary judgment, plaintiffs state only that the thirty-day period in which to respond to the motion for summary judgment was overlooked. This is wholly insufficient to warrant setting aside summary judgment. The failure to respond to a motion for summary judgment or to request an extension of time to do so constitutes inexcusable neglect. Cacevic, 226 F.3d at 490-91 (citing Kendall v. Hoover Co., 751 F.2d 171, 175 (6th Cir. 1984)).

3

> Denial of a Rule 60(b) motion to set aside a dismissal under clause (1) is not an abuse of discretion when the proffered justification for relief is the "inadvertent mistake" of counsel. Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. . . . In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness. . . .

FHC Equities, L.L.C. v. MBL Life Assur. Corp., 188 F.3d 678, 685 (6th Cir. 1999) (quoting Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 356-57 (5th Cir.1993).

The Court finds that the plaintiffs have failed to establish that the failure to respond to the defendant's motion for summary judgment was the result of excusable neglect. Therefore, relief under Rule 60(b)(1) is not warranted. Accordingly, the plaintiffs' motion to set aside summary judgment is DENIED.

IT IS SO ORDERED.

_/s/ James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_23 September 2005_
DATE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 23 in case 1:04-CV-01274 was distributed by fax, mail, or direct printing on September 23, 2005 to the parties listed.

---

Mary Katherine Hovious
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

J. B. Glassman
GLASSMAN & TANSIL
204 E. Main St.
Jackson, TN 38301

Kristen C. Wright
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Stephen W. Ragland
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT